IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HWA CHA CARMICHAEL,

    Plaintiff,                    CIV S-12-645 KJM CKD PS

    vs.

CITIBANK NATIONAL ASSOCIATION,    <u>ORDER</u>

    Defendants.

_____/

        By order filed March 19, 2012, plaintiff was ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Plaintiff did not timely respond to the order to show cause and consequently, findings and recommendations were issued on April 10, 2012 which recommended this action be dismissed. Plaintiff has now filed a response to the order to show cause. The April 10, 2012 findings and recommendations will therefore be vacated.

        In the complaint, plaintiff alleges that her home was wrongfully foreclosed. The complaint, however, does not allege a basis for subject matter jurisdiction in this court. In the response to the order to show cause, plaintiff asserts that there is federal subject matter jurisdiction over this action because her petition regarding the foreclosure of her home was referred to the Comptroller of the Currency. The Office of the Comptroller of the Currency is the

1

agency charged with supervision of the National Bank Act.  12 U.S.C. § 21 et seq.  The Comptroller of the Currency has authority to resolve questions of unfair and deceptive practices by national banks.  See 15 U.S.C. § 57a.  Although there is a statutory provision which confers subject matter jurisdiction for actions brought by the Federal Trade Commission, there is no provision for private enforcement.  See 15 U.S.C. § 57b.  It does not appear that subject matter jurisdiction is therefore conferred on this court by virtue of plaintiff's complaint regarding the foreclosure of her home having been referred to the Comptroller of the Currency.  However, it is possible plaintiff may be able to allege a proper basis for subject matter jurisdiction.  Leave to amend the complaint will therefore be granted.

The amended complaint must set forth a proper basis for subject matter jurisdiction.  Federal Rule of Civil Procedure 8(a).  Plaintiff is also advised that because the foreclosure of her home occurred in 2008, her claims may be barred by the statute of limitations. In addition, any claim to set aside a foreclosure must be accompanied by an offer of tender of the amounts due.

Finally, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. The April 10, 2012 findings and recommendations (dkt. no. 4) are vacated.

2. Plaintiff's complaint is dismissed; and

3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: April 12, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
carmichael-citibank.lta.nosmj