IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HWA CHA CARMICHAEL,

    Plaintiff,                      CIV S-12-645 KJM CKD PS

    vs.

CITIBANK NATIONAL ASSOCIATION,    <u>ORDER</u>

    Defendants.

_____/

        By order filed April 13, 2012, plaintiff was granted thirty days to file an amended complaint. On May 4, 2012, plaintiff was granted a thirty day extension of time to comply with the April 13, 2012 order. On June 12, 2012, plaintiff filed a document (dkt. no. 9) which the court will construe as a first amended complaint.

        In the amended complaint, plaintiff alleges that her home was wrongfully foreclosed. The complaint, however, still does not allege a proper basis for subject matter jurisdiction in this court. Although plaintiff in passing mentions diversity jurisdiction, and it may be that plaintiff and defendant Citibank National Association are citizens of different states for purposes of 28 U.S.C. § 1332, there is no readily apparent basis for subject matter jurisdiction over plaintiff's claims against defendant Office of the Comptroller of the Currency ("OCC"). Moreover, as noted by the court in its prior order, plaintiff's claim for wrongful foreclosure

1  appears to be barred by the statute of limitations.  Plaintiff's home was foreclosed in August,
2  2008.  This action was filed March 14, 2012.  Although plaintiff claims she was petitioning her
3  case to the OCC, plaintiff fails to address how such a petition tolls the statute of limitations for a
4  claim of wrongful foreclosure.  In addition, plaintiff fails to allege tender of the amount owed
5  under the loan.  In the absence of tender, a claim for wrongful foreclosure cannot lie.  See, e.g.
6  Pantoja v. Countrywide Home Loans, Inc., 640 F. at 1177, 1183-84 ("Under California law, in an
7  action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and
8  viable tender [offer] of payment of the indebtedness" (citations and quotation marks omitted).);
9  see also Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A
10 valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a
11 voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d
12 112, 92 Cal. Rptr. 851 (Ct. App. 1971)).

13          Plaintiff will be granted one final opportunity to file an amended complaint
14 addressing the deficiencies noted above.  The amended complaint must set forth a proper basis
15 for subject matter jurisdiction.  Federal Rule of Civil Procedure 8(a).  Plaintiff's amended
16 complaint must not be barred on its face by the statute of limitations.  In addition, any claim to
17 set aside a foreclosure must be accompanied by an offer of tender of the amounts due.

18          In addition, plaintiff is informed that the court cannot refer to a prior pleading in
19 order to make plaintiffs' amended complaint complete.  Local Rule 15-220 requires that an
20 amended complaint be complete in itself without reference to any prior pleading.  This is
21 because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.
22 Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original
23 pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an
24 original complaint, each claim and the involvement of each defendant must be sufficiently
25 alleged.
26 /////

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint (dkt. no. 9) is dismissed; and

2. Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, and the Local Rules of Practice; the second amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint"; plaintiff must file an original and two copies of the second amended complaint; failure to file a second amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: June 28, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
carmichael-citibank2.0645.lta